**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **VERNELL WILSON, RAQUELLE WILSON and CRAIG WILSON** <br><br> **Plaintiffs,** <br><br> v. <br><br> **THE PROCTER & GAMBLE COMPANY and WAL-MART STORES, INC.** <br><br> **Defendants.** | ) | **Civil Action No.______________** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Vernell Wilson ("Vernell Wilson"), Raquelle Wilson ("Raquelle Wilson") and Craig Wilson ("Craig Wilson") (collectively "Plaintiffs") state as follows in support of their complaint against The Procter & Gamble Company ("Procter & Gamble") and Wal-Mart Stores, Inc. ("Walmart") (collectively "Defendants"):

**PARTIES**

1. Raquelle Wilson is the daughter of Vernell Wilson and Craig Wilson and, at all times mentioned herein, resided in Oakland County, Michigan.

2. Vernell Wilson and Craig Wilson are the parents of Raquelle Wilson and, at all times mentioned herein, resided in Oakland County, Michigan.

3. Upon information and belief, Proctor & Gamble is an Ohio corporation with its principal place of business located at 299 E. Sixth Street S 5–114, Cincinnati, Ohio and, at all times mentioned herein, was conducting systematic and continuous business in the Eastern District of Michigan.

4. Upon information and belief, Walmart is a Delaware corporation with its principal place of business located at 702 SW 8th Street, Bentonville, Arkansas and, at all times mentioned herein, was conducting systematic and continuous business in the Eastern District of Michigan.

5. Upon information and belief, the Defendants are engaged in the design, manufacture, sale within the United States, offering for sale within the United States, use within the United States, importation into the United States and for sale after importation into the United States of cleaning assembly devices.

6. Upon information and belief, the Defendants market and sell the cleaning assembly devices either directly or indirectly through their channel business partners and various retailers, including through retail stores and company websites.

**JURISDICTION AND VENUE**

7. This is an action for patent infringement arising under the patent laws of United States, Title 35 of the United States Code.

8. This Court has subject matter jurisdiction pursuant to 28 USC Sections 1331 and 1338.

9. Upon information and belief, Proctor & Gamble is subject to the personal jurisdiction in the Eastern District of Michigan consistent with the principles of due process and the Michigan Long Arm Statute because Procter & Gamble offered its products for sale in the Eastern District of Michigan, transacted business in the Eastern District of Michigan, committed and/or induced acts of patent infringement in the Eastern District of Michigan and/or has placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of the Eastern District of Michigan.

10. Upon information and belief, Walmart is subject to the personal jurisdiction of the Eastern District of Michigan consistent with the principles of due process and the Michigan Long Arm Statute because Walmart maintains offices/facilities in the Eastern District of Michigan, offered its products for sale in the Eastern District of Michigan, transacted business in the Eastern District of Michigan, committed and/or induced acts of patent infringement in the Eastern District of Michigan and/or placed infringing products into the stream of commerce through established distribution channels with the expectation that such products would be purchased by residents of the Eastern District of Michigan.

11. Venue is proper in the Eastern District of Michigan pursuant to 28 USC section 1391(b), 1391(c), 1391(d) and 1400(b).

## FACTUAL BACKGROUND

12. Plaintiffs, Vernell Wilson, Raquelle Wilson and Craig Wilson, are the owners of all right, title and interest to patent number 6,872,021 B1 ("021 Patent") issued by the U.S. Patent and Trademark Office on March 25, 2005. A copy of the 021 Patent is attached as Exhibit "A" and incorporated herein by this reference.

13. The Defendants are infringing and/or inducing others to infringe by making, using, offering to sell or selling in the United States and/or importing into the United States products or processes that practice one or more inventions claimed in the 021 Patent.

14. The Defendants have profited through infringement of the 021 Patent. As a result of the unlawful infringement, the Plaintiffs have suffered and will continue to suffer damage. The Plaintiffs are entitled to recover from the damages they have suffered as a result of the Defendants' unlawful acts.

15. Upon information and belief, the Defendants had actual notice of the 021 Patent or it was so obvious that it should have been known to the Defendants.

16. Upon information and belief, the Defendants' infringement of the 021 Patent is willful and deliberate, entitling the Plaintiffs to enhanced damages, reasonable attorney fees and costs.

17. Upon information and belief, the Defendants intend to continue their unlawful infringing activity and the Plaintiffs continue to and will continue to suffer irreparable harm (for which there is no adequate remedy at law) from such unlawful infringing activity unless the Defendants are enjoined by this Court.

**COUNT I--INFRINGEMENT OF US PATENT 6,872,021 B1**

18. The Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint.

19. The Plaintiffs are the owners of all right, title and interest in the 021 patent, entitled "Cleaning Assembly," duly and properly issued by the US Patent and Trademark Office on March 29, 2005.

20. The Defendants have been and/or are directly infringing, either literally or under the doctrine of equivalents, and/or inducing infringement of and/or contributorily infringing the 021 Patent by, among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products and/or services that are covered by at least claims 1, 2 and 3 of the 021 Patent, including, without limitation, the "Swiffer Wet Jet."

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully request that the Court:

a. Enter a judgment declaring that the Defendants have infringed, induced others to infringe and/or committed acts of contributory infringement of the 021 Patent.

b. Enter a judgment ordering the Defendants to account for and pay to the Plaintiffs all damages as a result of the Defendants' infringement of the 021 Patent pursuant to 35 U.S.C. Section 284, together with all other compensatory damages, interest and costs and, in no event, less than a reasonable royalty.

c. Enter a judgment declaring that the Defendants' infringement of the 021 Patent has been willful and deliberate.

d. Enter a judgment awarding the Plaintiffs treble damages under 35 USC Section 284 as a result of the Defendants' willful and deliberate infringement of the 021 Patent.

e. Enter a judgment declaring that this case is exceptional and awarding the Plaintiffs their costs, expenses and attorneys fees in accordance with 35 USC Sections 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure.

f. Enter a judgment awarding the Plaintiffs pre-judgment and post-judgment interest on the damages caused by Defendants' infringement of the 021 Patent.

g. Grant the Plaintiffs a permanent injunction pursuant to 35 USC Section 283, enjoining the Defendants from further acts of infringement.

h. Awarding the Plaintiffs any further relief the Court deems just and proper.

Respectfully submitted,

LAMBERT LESER
Attorneys at Law

Dated: January 20, 2015

/s/ Victor A. Veprauskas IV
By: Victor A. Veprauskas IV (P59278)
John E. Gannon (P41349)
Keith A. Schofner (P41852)
755 W. Big Beaver Rd., Ste. 410
Troy, MI 48084
(248) 251-1011
vveprauskas@lambertleser.com
jgannon@lambertleser.com
kschofner@lambertleser.com
*Attorneys for Plaintiffs*

AND

LAW OFFICES OF JOHN G. CHUPA
& ASSOCIATES, P.C.
By: John G. Chupa (P41777)
28535 Orchard Lake Road, Suite 50
Farmington Hills, MI 48334
(248) 324-7787
michiganlawyer1@gmail.com
*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury of all issues so triable.

Respectfully submitted,

LAMBERT LESER
Attorneys at Law

Dated: January 20, 2015

/s/ Victor A. Veprauskas IV
By: Victor A. Veprauskas IV (P59278)
John E. Gannon (P41349)
Keith A. Schofner (P41852)
755 W. Big Beaver Rd., Ste. 410
Troy, MI 48084
(248) 251-1011
vveprauskas@lambertleser.com
jgannon@lambertleser.com
kschofner@lambertleser.com
*Attorney for Plaintiffs*

AND

LAW OFFICES OF JOHN G. CHUPA
& ASSOCIATES, P.C.
By: John G. Chupa (P41777)
28535 Orchard Lake Road, Suite 50
Farmington Hills, MI 48334
(248) 324-7787
michiganlawyer1@gmail.com
*Attorneys for Plaintiffs*